Shippen, President.
The motion in this case is made in behalf of one Musgrove, who is said to be a prior judgment creditor, in order to have the money which has been levied and brought into Court under the Plaintiff’s execution, paid to him instead of the Plaintiff.
*374 This is objected to, on the ground that the Defendant became & bankrupt previous to the serving or issuing any execution against the estate, except the present one, at the suit of the Plaintiff, and that, therefore, he alone is entitled to the money.
The question arises upon the 30th Section of the bankrupt law, which enacts, “That every creditor having security for his debt by “judgment, speciality, or other security, whereof there is no exe-“cution served and executed upon the lands, goods, and estate, of “the bankrupt before such time as he shall become a bankrupt, “shall not be relieved upon any such judgment, &c. for any more “than a rateable part of their debts, with the other creditors.”
This section of the act, is similar to one in the statute of James, and must therefore receive the same construction; and the rational and legal construction appears to be, that no judgment creditor who has not levied his execution, shall receive any benefit from his judgment, as to the estate or effects of the bankrupt, vested. in the Commissioners of bankruptcy by the act, to the exclusion or prejudice of the creditors at large, but must be put upon the same footing with them; yet, as to any liens which do nor affect the general creditors, he will have the benefit of them in the same manner as if the act had never been made.
This construction accords with the case cited in support of the motion out of 1. Peere Wms. 737. The principle of that case, to far as respects the present purpose, is this, that where there is a prior judgment, and afterwards a sale of the land, and then a bankruptcy, the purchaser holds the land subject to the prior lien, which must be for this plain reason, that in that case there was no possibility that the creditors of the bankrupt could be prejudiced by it, the land being actually sold before the bankrupcy, and never vested in the Commissioners; and, consequently, there was no lien as to them, it could only subsist against the purchaser, and was not at all affected by the bankrupt laws, as it was indifferent to the creditors whether it subsisted or not.
In the present case, there has been no act of the party previous to the bankrupcy to prevent the vesting of the estate in the Commissioners; and, consequently, all liens, if they operate at all, must operate to their prejudice; which is contrary to the express intent of the act, which directs that they shall take the estate, subject only to the claims of such judgment creditors who had levied their executions upon it. For, if any judgment creditor, who has no execution, under the idea of his having a prior lien, could have the benefit of the execution transferred to him, then not only that creditor, but all the prior judgment creditors must be satisfied, before the Commissioners could take any thing to divide among the general creditors, as they would all have an equal right with him.
It is said, that, although the Court should order the prior judgment creditor to be first paid, there would be no injury done to the other creditors, because the Commissioners might recover the money from him, if he was not intitled to it. Whether they could, *375 or could not, recover it from him, will, I think, make no material difference as to the present motion. It must, however, be observed, that, if he can claim this money at all, it would be under the execution, and as execution creditors are saved, it would be very questionable whether the Commissioners could recover it from him. If they could not, then the creditors at large must be postponed to him and the other judgment creditors;—if they could recover it, then it would not only be a vain thing to order the money into his hands, as he must, by a circuity of action, be obliged to refund it, but it would, in fact, be ordering it into the hands of a person not intitled to receive it: And the consequence would be, that the real, execution creditor, whose claim is saved by the act, would infallibly be cut out of his preference.
Whether this is, or is not, a bona fide debt, is not the subject of our present enquiry. If any fraud could be proved, this Court would certainly on motion set aside both the execution and the judgment, but that could not be for the benefit of the prior judgment creditor, whose claim is founded upon the execution; but for the benefit of the creditors at large under the Commission; who may still have a remedy by action, if they can show the execution to have been collusive and unfair.
The only question, however, now before us, is whether a prior judgment creditor shall come in under this execution, which we think he cannot, as it would defeat the express intent of the bankrupt law.